UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   04-40141-01, 02-MLB |
| ) | |
| ARLAN D. KAUFMAN, and ) | |
| LINDA J. KAUFMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On July 1, 2005, the Court referred Defendants' Joint Motion to Modify Pretrial Release Conditions (Doc. 123) to Magistrate Judge Sebelius for hearing. On July 18, 2005, the Court also referred Joint Defense Motion for Expedited Hearing on Defense Access to Witnesses (Doc. 152) and Government's Motion to Revoke the Conditions of Release for Defendant Arlan Kaufman (Doc. 154) to Magistrate Judge Sebelius. Judge Sebelius set the motions for hearing on August 3, 2005 at 9:30 a.m. in Topeka, Kansas. (Doc. 169).

On July 28, 2005, this case was returned to Wichita (Doc. 188), and ultimately assigned to Judge Belot. (Doc. 192). After reassignment to Wichita, the above motions were set for hearing before the undersigned magistrate judge on August 3, 2005 at 1:00 p.m. (Doc. 190). The parties and counsel appeared on that date as follows: Lisa Krigsten and Kristy Parker, U.S. Department of Justice, Civil Rights Division and Tanya J. Treadway, Assistant U.S. Attorney, for the Government; Thomas D. Haney for Defendant Arlan Kaufman; Stephen M. Joseph and Christopher Joseph for Defendant Linda

Kaufman.

### *Prior Order Concerning Detention or Release of Defendants*

The undersigned magistrate judge entered an Order on November 17, 2004 (Doc. 50) setting conditions for the release of both defendants. This Order was entered after two days of hearings (held on November 3 and 17, 2004) on the Government's motion for detention. (Doc. 11). The Government then sought review of the magistrate's Order pursuant to 18 U.S.C. § 3145(a)(1) and the parties entered into an agreement which allowed defendants to be released under modified conditions pending resolution of the Government's motion for review. That agreement was incorporated in an Order by Judge Crow filed on November 23, 2005. (Doc. 65). Thereafter, the parties reached another agreement concerning defendants' release pending trial, which adopted the conditions in the prior orders with slight modifications, and which again was incorporated in an Order by Judge Crow filed December 21, 2005. (Doc. 77).

### *Parameters for the Present Hearing*

Prior to hearing testimony, the court outlined the statutory provisions which govern the motions set for hearing and also set out certain parameters for the introduction of evidence at the hearing.

As to Defendants' motion to modify the conditions of release, 18 U.S.C. § 3142(f) provides that a detention hearing may be reopened if the court finds

> that information exists that was <u>not known to the movant at the time of the hearing</u> and that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(emphasis added).  Therefore, the present hearing was to be limited to consideration of information not known to defendants at the time of the initial detention hearing in November 2004, and the court would then determine whether that "new" information warrants a change in the conditions of release.[1]  The mere fact that defendants may have complied with the agreed conditions of release for approximately eight months does not entitle them to now modify the conditions of release, particularly where those conditions were established by agreement of the parties and adopted by the district judge.

As to the Government's motion to revoke defendant Arlan Kaufman's release and to order his detention until the time of trial, this is governed by the provision of 18 U.S.C. § 3148(b).  In order to revoke defendant's release, there is a two part test.  First, the court must find either (a) that there is probable cause to believe that defendant committed a crime while on release, or (b) that there is clear and convincing evidence that the person has violated any other condition of release.  18 U.S.C. § 3148(b)(1).  If so, the court must then find either (a) there are no conditions or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community or (b) the person is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b)(2).  In this case, evidence concerning the first prong of §3148(b) must clearly involve evidence of something that happened while defendant has been on release, *i.e.,* events that occurred after the November 2004

---

[1] This standard applies to defendants' requests that (1) they be allowed to travel unrestricted in the State of Kansas and parts of Missouri, and (2) that the daily ankle monitoring equipment be removed and their house arrest be ended.  The other request concerning contact between defendants' counsel and former residents of the Kaufman House will be considered separately.

detention hearing. As to the second prong, the court has already heard two days of evidence dealing with the likelihood of danger to other persons, *i.e.,* the former residents of Kaufman House, if Arlan Kaufman were allowed release, and whether there are conditions or a combination of conditions that would allow Arlan Kaufman's release. *See e.g.,* Doc. 50 at 9-15. Therefore, at the present hearing, the court would hear only new evidence on these issues which was not available to the Government at the time of the detention hearing in November 2004. This clearly includes any evidence concerning Arlan Kaufman's actions during a June 2005 visit to his home by U.S. Probation Officers.

### *Discussion and Ruling on Motions*

The court then heard testimony from all parties directed to these motions. The Government called Kirk W. Lowrey as a witness and introduced Government Exhibits 50, 50A, 57, 55, 51, 52, 53, 54, 66 and 62.[2] The court admitted Government Exhibits 51, 55, and 57. Government Exhibits 50, 50A, 52, 53, 54, 62 and 66 were not admitted into evidence but were allowed as Government proffers.[3] Defendants called Lynn Harris as a

---

[2] The Government started numbering exhibits for this hearing with Ex. No. 50 to coordinate with exhibits numbers which were used at the detention hearing in November 2004.

[3] The videotapes (Exhibit 50) and transcript of videotapes (Exhibit 50A) all involve videotapes seized by the Government in the execution of search warrants of defendants' properties in 2001 and October, 2004. The tapes were available at the time of the initial detention hearing in November 2004, and, in fact, the Government played numerous tapes at that time during *in camera* proceedings. Exhibit 52 is an affidavit of Kirk W. Lowrey which was admitted into evidence at the November 2004 detention hearing, over defendants' objections. Exhibits 53, 54 and 66 are an affidavits of David G. Summers dated November 15 and two later affidavits of Lowrey dated November 15 and 16, 2004. These three affidavits were all offered as exhibits at the November 2004 hearing, but were not admitted because they were submitted after the November 12, 2004 deadline for supplemental evidence which had been set by the court. *See* Doc. 71 at 3-4.

witness, and offered the exhibits attached to their motions.

After hearing the evidence, the court finds as follows:

1. Defendants' Joint Motion to Modify Pretrial Release Conditions (Doc. 123) should be DENIED insofar as it pertains to defendants' request (1) that they be allowed to travel unrestricted in the State of Kansas and parts of Missouri, and (2) that the daily ankle monitoring equipment be removed and their house arrest be ended. Defendants have not identified any material information which was not known to them at the time of the initial detention hearing in November 2004, <u>or by the time they agreed to the conditions of release in December 2004,</u> which warrants modification of the these conditions of release. As to travel, defendants want the modification to visit their son in Lawrence, Kansas, and other relatives in Missouri. While defendants' son has moved since the initial detention hearing was held, he actually moved <u>closer</u> to Newton, Kansas, therefore he should be able to easily travel to Newton to see his parents. Defendants clearly knew at the time they agreed to the present conditions of release that they had relatives in Missouri, yet they negotiated no right to travel there. As to lifting the electronic monitoring and lifting house arrest, defendants have shown no new information which would justify modification of these agreed conditions of release. Defendants have presented two letters from doctors advising both defendants to obtain exercise such as

---

While those affidavits were not admitted at either the November 2004 hearing or the present hearing, they are included as a proffer by the Government. *See* Doc.50, Appendix A. Finally, Exhibit 62 is a written interview taken on June 21, 2004 by a Government agent which was included as Attachment N to the search warrant executed on defendants' properties on or about October 26, 2004. As such, it was clearly available to the Government for use at the November 2004 detention hearing.

walking for their health.  There is no evidence, however, that this recommendation is triggered by any newly discovered medical condition for either defendant. And, while defendants are on electronic monitoring, they can walk around the immediate vicinity of their home and yard (and within range of the transmitter).  Also, other alternatives are available to defendants in order to obtain needed exercise such as purchase or rental of an inexpensive stationary bicycle or other similar type of exercise equipment.  Furthermore, the court still has concerns about any contact between defendants and former residents of Kaufman House who may reside in the Newton community, *see* Doc. 50 at 12-13 and 15-16 (Conditions 1 and 2), and defendants and their counsel were so advised at the hearing. There is evidence that some incidental contact between defendant Linda Kaufman and a former resident of Kaufman House occurred at a "post office" and that contact was not reported to the supervising probation officers as required by the agreed conditions of release.  *See* Doc. 77 at ¶ 3 ("If any contact, regardless of how temporary or inadvertent, is made at either location, the defendants shall notify the United States Probation Officer immediately upon the defendants' return to their residence.").  The court believes that continuation of both electronic monitoring and house arrest are warranted in this case.

       2.      Government's Motion to Revoke the Conditions of Release for Defendant Arlan Kaufman (Doc. 154) should also be DENIED.  In applying the standards set out in 18 U.S.C. §3148(b)(1), the court believes that there is probable cause to find that defendant Arlan Kaufman may have committed the federal crime of assault as defined in 18 U.S.C. § 111(a) when he became agitated during the visit of probation officers in his home, gestured with his hands and ordered the officers on three occasions to leave his home. Section 111(a) includes within its definition any incidents where a person "resists,

opposes, impedes, intimidates, or interferes with any person designated in section 1114[4] of this title while engaged in or on account of the performance of official duties." In this case, Arlan Kaufman's actions impeded or interfered with the probation officers' duties of checking and verifying the accuracy of the electronic monitoring equipment. With this finding, the court must then consider the second part of the statute, 18 U.S.C. § 3148(b)(2). After hearing the testimony of Lynn Harris, one of the U.S. Probation Officers who was conducting the check of the monitoring equipment, the court finds that the present agreed conditions of release will assure Arlan Kaufman's appearance and the safety of other persons (including former residents of Kaufman House) and the community. The court further finds that Arlan Kaufman is likely to abide by these conditions of release after admonitions from the court at the hearing. Both defendants should understand that any report from the probation office of any future occurrence similar to the one which took place in June 2005, will be dealt with accordingly.

As to both of these motions, the court also adopts the rulings and reasoning announced in open court during the hearing on August 3, 2005.

---

[4] Persons described in Section 1114 include "any officer or employee of the United States or of any agency in any branch of the United States Government . . .while such officer or employee is engaged in or on account of the performance of official duties. 18 U.S.C. § 1114.

### *Issue of Contact Between Defendants' Counsel and Former Residents of Kaufman House*

Defendants final request for modification of the court's prior order setting conditions of release deals with the ability of defendants' counsel to contact former residents of Kaufman House for interviews. Defendants' request stems from Condition No. 3 in the court's Order of November 17, 2004, which states:

> Any attempt to contact the former residents or their families by counsel for defendants in this case for the purposes of preparing a defense shall be accomplished <u>in accordance with any restrictions established by the district judge</u> assigned to this case. The parties should meet and confer as soon as possible about a procedure which would allow defendants' counsel the opportunity to properly prepare the defense while assuring that the former residents and their families will not be unduly inconvenienced.

(Doc. 50 at 16) (emphasis added). As the court noted at the hearing, this order was entered at a time when an indictment had just been handed down by the grand jury (Doc. 33) and the case had been assigned to Topeka, Kansas. The undersigned magistrate judge believed that the question of whether there should be any restriction on contact with former residents by defense counsel was something that would be presented to the district judge immediately. Therefore, the intent of the November 17, 2004 order was that the parties first attempt to agree to any such restrictions, and failing that, the issue would be resolved by prompt motion to the trial judge. Whatever ruling was made by the trial judge would then become a part of the conditions of release. The parties were unable to agree on any type of restrictions on contact between defense counsel and former residents of Kaufman House, and the matter was never presented to the trial judge for a ruling until

defendants filed the current motion to modify conditions of release on June 24, 2005. (Doc. 123). In its response, the Government asks the court "to adopt reasonable guidelines for defense counsel's contact with the emotionally vulnerable victims in this case." (Doc. 159 at 32). The Government urges that the court has the power to limit a defendant's access to witnesses in order to "prevent harassment or other wrongdoing," citing United States v. Soape, 169 F.3d 257, 270 (5th Cir.), *cert. denied* 527 U.S. 1011 (1999). Counsel for defendants argue that the court has no authority to restrict their contact with potential witnesses, and that any restrictions would violate defendants' constitutional rights.

Having heard evidence on this issue, the court takes this question under advisement and will issue a supplemental opinion addressing contact with former residents of Kaufman House.

**IT IS THEREFORE ORDERED THAT** the Joint Defense Motion for Expedited Hearing on Defense Access to Witnesses (Doc. 152) is hereby GRANTED by virtue of the hearing set for August 3, 2005;

**IT IS FURTHER ORDERED THAT** Defendants' Joint Motion to Modify Pretrial Release Conditions (Doc. 123) is DENIED insofar as it pertains to defendants' request (1) that they be allowed to travel unrestricted in the State of Kansas and parts of Missouri, and (2) that the daily ankle monitoring equipment be removed and their house arrest be ended, and TAKEN UNDER ADVISEMENT as to whether there should be any restriction on contact with former residents by defense counsel;

**IT IS FURTHER ORDERED THAT** Government's Motion to Revoke the

Conditions of Release for Defendant Arlan Kaufman (Doc. 154) is DENIED.

Dated at Wichita, Kansas, this 5th day of August, 2005.

 s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge