**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 04-40141-01, 02 |
| | ) | |
| ARLAN DEAN KAUFMAN and | ) | |
| LINDA JOYCE KAUFMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the court are the following:

1.   Defendants' joint motion to exclude social worker/client privilege documents (Docs. 128 and 129);

2.   Government's response (Doc. 157); and

3.   Defendants' joint reply (Doc. 181).

Defendants seek "to exclude all social worker client records from use at trial in this matter absent a knowing waiver of the social worker client privilege."  Defendant Arlan Kaufman alleges that he was a licensed social worker from September 1988 through August 2001.  Defendant Linda Kaufman does not allege that she was a licensed social worker.  The government asserts that she was not and Linda Kaufman offers no rebuttal to the government's assertion. Nevertheless, both defendants rely almost exclusively on the Supreme Court's decision in <u>Jaffee v. Redmond</u>, 518 U.S. 1, 135 L. Ed. 2d 337, 116 S. Ct. 1923 (1996) for the proposition that they have the right to prevent the government from offering into evidence all of the "social worker/client records" which they contend were seized pursuant to search warrants issued in 2001 and

2004.  For reasons known only to defendants' counsel, the motion is supported by a newspaper article and argument pertaining to a controversy over a sex education class at the University of Kansas which has absolutely nothing to do with the facts, issues and law applicable to this case.

In <u>United States v. Glass</u>, 133 F.3d 1356 (10th Cir. 1998), the court held that a defendant in a criminal prosecution was entitled to invoke the psychotherapist-patient privilege.  In <u>Jaffee v. Redmond</u>, 518 U.S. 1, 135 L. Ed. 2d 337, 116 S. Ct. 1923 (1996), the Supreme Court had agreed with the Seventh Circuit Court of Appeals' observation that drawing a distinction between the counseling provided by costly psychotherapists and the counseling provided by more readily accessible social workers serves no discernable public purpose.  <u>Id.</u> at 1932 (internal quotations and citations omitted). Defendants automatically assume that <u>Glass</u> and <u>Jaffee</u>, read together, require exclusion from evidence of all social worker records.

<u>Glass</u> does not endorse defendants' broad-brush interpretation of <u>Jaffee</u>.  The Tenth Circuit observed:

> <u>Jaffee</u>, however, indicated the contours of the privilege would be fleshed out on a case-by-case basis. <u>Id.</u> at ----, 116 S.Ct. at 1932. In this case, the record discloses a statement made to a psychiatrist during a confidential session prompting the therapist to implement a course of treatment which included discharging Mr. Glass from hospital supervision. Taken by themselves, these circumstances are hardly an indication of a threat which can only be averted by means of disclosure.

The Circuit remanded the case with directions that "the district court must proceed under Fed. R. Evid. 104(a) to determine whether, in the context of this case, the threat was serious when it was

-2-

uttered and whether its disclosure was the only means of averting harm to the President when the disclosure was made." This language, applied to this case, makes it clear that a blanket social worker/client privilege is not appropriate. Rather, whether the privilege is applicable will require the court to determine, among other things, whether the evidence sought to be offered by the government (or, for that matter, by the defendants) constitutes a confidential communication between a legitimate social worker and a client, whether the evidence is admissible under Rule 104(a), whether a social worker charged with crimes can affirmatively assert the privilege for his benefit, not the "client's," whether there has been a valid waiver of the privilege by the client and perhaps other issues depending on the particular document and its intended use. There is nothing in the submissions which would allow the court to make any of these determinations at this time.

Accordingly, defendants' motion (Docs. 128 and 129) is overruled without prejudice to reassertion in the event that the government identifies documents arguably covered by the privilege.

IT IS SO ORDERED.

Dated this ___16th___ day of August 2005, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-3-