**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 04-40141-01, 02 |
| ) | |
| ARLAN DEAN KAUFMAN and ) | |
| LINDA JOYCE KAUFMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendants' joint motion for pretrial discovery (Docs. 136 and 137);

2. Government's response (Doc. 155); and

3. Defendants' reply (Doc. 174).

Criminal History Information

Defendant seeks pretrial disclosure of the criminal history records, including arrests, of any former resident of Kaufman House, as well as a list of the witnesses the government intends to call at trial, including any FBI "rap sheets" or NCIC computer searches related to those witnesses. Defendants cite only two cases in support of this request: United States v. Howell, 285 F.3d 1263 (10th Cir. 2002) and Brady v. Maryland, 373 U.S. 83 (1963). Howell has nothing whatsoever to do with defendants' right to discover the felony record of government witnesses or other individuals. It is concerned with how evidence of a criminal record should be handled at trial. Fed. R. Evid. 609. Fed. R.

Crim. P. 16 does not entitle defendant to discovery of the criminal records of government witnesses. <u>United States v. Dominguez</u>, 131 F.R.D. 556 (N.D. Ill. 1990). While the government <u>may</u> be required to disclose its witnesses and their criminal histories prior to trial and risks running afoul of <u>Brady</u> if it does not do so, <u>United States v. Ponce Munoz</u>, 150 F. Supp. 2d 1125, 1137-38 (D. Kan. 2001), <u>Brady</u> does not create a constitutional right to discovery. <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977).

<u>Medicare Payments</u>

The entirety of defendants' request for Medicare payments is as follows:

> The government has alleged Dr. Kaufman overcharged and defrauded the government, the residents and the residents' families over a 20 year time frame. The defense seeks to discover the Medicare payments regarding these same people after leaving Kaufman residences.
>
> It is believed Medicare costs have increased for some of these former residents and the treatment and care they have received or are receiving is very similar to that which Dr. Kaufman provided.

No authority is cited in support of this request. It is not the court's job to do defendants' research or speculate regarding why evidence will be admissible.

Accordingly, defendants' motion for pretrial discovery (Docs. 136 and 137) is denied.

IT IS SO ORDERED.

Dated this __15th__ day of August 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-2-