**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 04-40141-01, 02 |
| ) | |
| ARLAN DEAN KAUFMAN and ) | |
| LINDA JOYCE KAUFMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This case comes before the court on a motion to quash the subpoena issued to Tom R. (Doc. 286.) Defendants subpoenaed Tom R. to testify in their behalf. They have proffered what his testimony would likely be. That proffer will be filed under seal as a court exhibit. The motion to quash the subpoena is DENIED, subject to conditions.

Defendants' rights have been aptly summarized in United States v. Moussaoui, 382 F.3d 453 (4th Cir. 2004):

> The compulsory process right does not attach to any witness the defendant wishes to call, however. Rather, a defendant must demonstrate that the witness he desires to have produced would testify "in his favor," U.S. Const. amend, VI, see United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982). Thus, in order to assess [defendants'] interest, we must determine whether [Tom R.] could provide testimony material to [defendants'] defense.
>
> . . . .
>
> Because [defendants have] not had--and will not receive--direct access to [Tom R., they] cannot be required to show materiality with the degree of specificity that applies in the ordinary case.

> See Valenzuela-Bernal, 458 U.S. at 870-71, 873, 102 S. Ct. 3440. Rather, it is sufficient if [defendants] can make a "plausible showing" of materiality. Id. at 873, 102 S. Ct. 3440; cf. id. at 871, 102 S. Ct. 3440 (noting that a defendant who has not interviewed a potential witness may demonstrate materiality by relating "the events to which a witness might testify[ ] and the relevance of those events to the crime charged").

Id. at 471-72; see also, United States v. Dowlin, 408 F.3d 647, 659 (10th Cir. 2005) ("However, the right to present defense witnesses is not absolute. A defendant must abide the rules of evidence and procedure, including standards of relevance and materiality." (Internal quotation marks omitted)). Based on defendants' proffer of the testimony they expect to elicit from this witness, the court finds they have made a "plausible showing" of materiality as to certain issues.

Accordingly, the court rules that Tom R.'s testimony may be taken under the following conditions:

1. Tom R.'s testimony will be taken by deposition at the facility in Nebraska in which he now resides. In order to minimize his anxiety in anticipation of the deposition, Tom R. is not to be given advance notice of the deposition.

2. The testimony will <u>not</u> be videotaped.

3. Tom R. may have his therapist present, as well as his attorney, Mr. Ariagno. Both defense counsel may be present, and <u>one</u> government attorney may be present. Defendants shall not be present.

4. The duration of the deposition is limited to thirty minutes. Defense counsel will have ten minutes each to ask questions, and the government will have ten minutes.

     5. Tom R. may be deposed only as to the following subjects, which are taken from the defendants' proffer:

> A. Whether his attendance at the farm was voluntary, and whether he could refuse to attend without consequence. He may also testify on this subject as to other residents, if he knows.
>
> B. Whether he and/or other residents could choose not to be nude at the Kaufman House without consequences.
>
> C. Whether he and/or other residents were isolated or restricted from contact with the community or their medical doctors.

In all other respects the court finds that the testimony proffered by defendants is not material or is otherwise cumulative.

    IT IS SO ORDERED.

    Dated this __20th__ day of October 2005, at Wichita, Kansas.

                                       s/   Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE