**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ARLAN DEAN KAUFMAN and<br>LINDA JOYCE KAUFMAN,<br>Defendants. | ) | **CRIMINAL ACTION**<br><br>No. 04-40141-01, 02 |

**MEMORANDUM AND ORDER**

Before the court is the government's motion to exclude the testimony of defendant Arlan Kaufman's witness, Dr. Cynthia Steinhauser. (Doc. 292.) The court held a Daubert, Rule 104(a)/702 hearing by telephone on October 26, 2005. For the following reasons, the government's motion is sustained.

Background

The parties are familiar with the charges and the evidence which has been received thus far. The government's evidence has established (and it is not in dispute) that several of the mentally-ill residents of the so-called Kaufman House participated in various forms of therapy, primarily at the direction of defendant Arlan Kaufman. Some of the therapy involved group nudity, as well as various activities of a sexual nature engaged in by some of the residents.

It is anticipated, based on statements of Arlan Kaufman's counsel, that he will testify that the therapy was, for lack of a better term, legitimate. Arlan Kaufman has yet to testify, so a

more accurate description of his testimony cannot be given.

The Testimony of Cynthia Steinhauser

Arlan Kaufman listed as a witness Cynthia S. Steinhauser, Ph.D.[1] Dr. Steinhauser's CV was admitted without objection as defendant's exhibit 614, and is attached to this order. Her educational attainments are not disputed. Dr. Steinhauser has not reviewed any of the evidence, nor has she seen any of the therapy or medical records or videotapes of the Kaufman House residents. If allowed to testify, she will not opine regarding Arlan Kaufman's treatment methods. Rather, her testimony will deal with her treatment methods as a clinical social worker in her primary area of specialization: the evaluation and treatment of individuals with sexual behavior problems, both adjudicated and non-adjudicated, and victims of sexual abuse.

During the hearing, Dr. Steinhauser generally described the techniques involved in her treatment. One of the techniques is arousal reconditioning or behavior modification, which seeks to create a new association between the individual's fantasies and arousal. Sometimes this technique involves nudity of the subject, which she described as follows:

> Well, first, in our plethysmograph assessments, which are behavioral in nature, we have the individual put a gauge on his bare penis in a

[1] Federal Rule of Evidence 703, relating to opinion testimony by experts, is not applicable to this motion. Defense counsel asserted, consistently with the substance of Dr. Steinhauser's testimony, that Dr. Steinhauser would not be offering any opinion testimony with respect to defendant's therapy methods. Rather, counsel stated that she would provide only factual testimony regarding therapy methods with which she is familiar. See Counsel's ltr of Sept. 26, 2005, to gov't counsel.

> private area so that we can monitor his erection responses to a variety of stimuli and get a base line of what his sexual response patterns are to a variety of stimuli. Other procedures would involve aversive behavioral rehearsal where the individual is videotaped engaging in the unwanted behavior. That is behavior rehearsal is used primarily for exhibitionists; but it has also been used with child molesters and with rapists and may include nudity as the individual is re-enacting his crime, either exposing or with the use of an anatomically correct mannequin.

Another technique is called aversion behavior rehearsal, which Dr. Steinhauser described as developed

> primarily for use with exhibitionists, and in this procedure [the researcher who developed the technique] would assemble a treatment team and he would interview the client, talk to him about his history, his offending history in particular, and then at a predetermined point in time he would have the individual actually engage in the exposing behavior; and at this point, the care would go from being very timely and very supportive in his questioning to be very confrontational and almost hostile toward the patient with the hope of eliciting a very anxious, anxiety-ridden response in him as he's being watched by the other individuals of the treatment team.

Dr. Steinhauser also described a technique called desensitization, which is used with individuals who have sexual behavior problems, fears and phobias around sexual intimacy and coital activities. This technique is used in the hope of making the person less fearful or able to tolerate that type of activity without anxiety or revulsion.

Finally, Dr. Steinhauser identified a technique called masturbatory reconditioning, which she described as follows:

> For many of the individuals that we work with, they lack an appropriate sexual response, that is, they lack arousal to age-appropriate

> consenting themes or to the age and gender characteristics of age-appropriate partners. In this procedure we have the individual - it can be done a number of different ways. We can have him masturbate gradually to appropriate stimuli, visual stimuli of adults or to narrations of consenting sexual activity with an adult partner. We can also have him masturbate to - close to erection - I mean, close to ejaculation to a deviant fantasy and then when ejaculation is inevitable, switch over to an appropriate image and appropriate fantasy and then, as time goes on, have him use lesser and lesser percentages of the deviant fantasy before switching over. So what we're doing is we're, in that other - in that procedure I'm just talking to you about, which would be masturbatory fantasy change, is we're exploiting the use of the deviant fantasy in eliciting the desired response, erection, and then the point where we have erection and ejaculatory inevitability, we're pairing that behavior with the desired stimulus, creating a new association, i.e., we're associating ejaculation with the age and gender characteristics of adult partners and consenting sexual activity. And then over time, as I said, the individual would use less and less of the deviant fantasy and switch over earlier, earlier, to the appropriate fantasy creating, again, a new association so that the individual is able to become aroused to consenting themes - the age and gender characteristics of age-appropriate partner and achieve arousal and a full sexual response.

On cross examination, Dr. Steinhauser testified that masturbatory reconditioning is used primarily for men, although it can be used with women. It is employed under controlled circumstances, usually in a laboratory, where arousal is monitored. It is not done in a group setting.

Dr. Steinhauser further explained that the techniques she described are typically used for sex offenders such as rapists and child molesters. Aversion behavior rehearsal is an extreme procedure and informed consent must always be received. She has

never used the technique on an individual suffering from chronic schizophrenia. Dr. Steinhauser stated that the techniques she described had been peer reviewed and objectively tested by determining whether the individual subjected to the tests later violated probation by exposing himself or engaging in unwanted behavior. She could not give specific citations to the literature, nor could she describe the potential error rate of the tests, however.

Dr. Steinhauser described aversive behavior rehearsal as "extremely controversial," which is supported by the literature used by many clinicians. But other clinicians do not use it because of expense. "The conditioning methods are very labor intensive. They are met with resistance." Dr. Steinhauser served as a manuscript editor of an article in which the author stated, with respect to aversive behavior rehearsal:

> In my limited experience with this type of conditioning, I have been left with several strong feelings regarding the appropriateness of this treatment. First, it is probably highly effective; but, second, the extreme level of physiological distress and shame associated with use of this method could lead to the client experiencing a heart attack or possibly being so ashamed and still unable to control the deviant behavior that suicide might be the only possible out.
>
> . . . .
>
> For my part, working in a conservative community, I have felt that the possible gains in using this kind of therapy are far outweighed by possible professional censure and/or professional liability.

Dr. Steinhauser admitted that she did not know whether the techniques she described would be recommended or even useful to the

Kaufman House residents.

Daubert, Rule 702

Even though defendant's counsel represented that Dr. Steinhauser would not be offering expert opinion testimony on defendant Arlan Kaufman's treatment methods, the court nevertheless believed a Daubert, Rule 702 hearing was the best way to evaluate the admissibility of Dr. Steinhauser's testimony since, presumably, she would be offering opinions regarding the efficacy of her treatment methods. Counsel's evident purpose in calling Dr. Steinhauser was to use her methods of therapy to validate defendant's methods without directly opining on his methods.

The parties are familiar with the general rules regarding admission of expert testimony and the so-called "gatekeeping" function of the trial court. For the sake of brevity, these will not be extensively reviewed. The bottom line regarding efficacy of expert testimony is its reliability. When faced with a challenge regarding its admission, the court must make a finding on the record regarding reliability. Goebal v. Denver & Rio Grande W. R.R., 215 F.3d 1083, 1087-88 (10th Cir. 2000). In this case, an insufficient showing has been made regarding the scientific validity of Dr. Steinhauser's treatment techniques. Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193, 1209 (10th Cir. 2002). Scientific validity cannot be shown for techniques described as "extreme," "extremely controversial" and potentially dangerous. Dr. Steinhauser's abbreviated and essentially conclusory testimony regarding peer review and testing of the techniques is not sufficient to overcome her own admissions regarding the potential

negative aspects of the techniques. It is quite apparent that the techniques do not enjoy general acceptance in the relevant scientific community.

Another aspect of the reliability determination is that it is case-specific. In other words, the witness' testimony must be helpful to the jury in deciding facts in issue. Hollander, 289 F.3d at 1204. Testimony which is not relevant, or which has extremely limited relevance, cannot be helpful to the jury.

Assuming, based upon defense counsel's statements, that the jury will be called upon to decide the validity of Arlan Kaufman's therapy methods, Dr. Steinhauser's testimony is irrelevant because she knows nothing about his methods. The methods she described have not been used on chronic schizophrenics, a mental disease suffered, to one extent or other, by most of the Kaufman House residents. Although some of the residents had "sexual hang-ups" of one kind or other, not all did, and none had been convicted of a criminal sexual offense such as rape or molestation. The majority of Arlan Kaufman's sex-related treatment methods were carried out in group therapy, which is not part of Dr. Steinhauser's techniques. While Dr. Steinhauser was not specifically asked, it is reasonable to infer that Arlan Kaufman's therapy techniques, such as genital shaving, genital touching and insertion of objects into body cavities such as the rectum and the penis (which are not in dispute) are not part of the techniques she described because, if they are, she would have been asked about them.

In summary, Arlan Kaufman has not demonstrated that the testimony of Dr. Steinhauser is reliable, relevant, and would be

helpful to the jury. Although a defendant has the right to present a theory of defense, that right does not extend to presenting the theory in whatever manner and with whatever evidence he chooses. United States v. Adams, 271 F.3d 1236, 1243 (10th Cir. 2001).[2]

The government's motion is sustained.

IT IS SO ORDERED.

Dated this 27th day of October 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[2] This order was drafted and read into the record immediately after the Daubert/Rule 702 hearing so that defendant would not have to incur the cost of making Dr. Steinhauser available for trial testimony. At the conclusion of Arlan Kaufman's testimony, which lasted approximately two days, his counsel renewed his request to have Dr. Steinhauser testify. The court denied that request. Arlan Kaufman's therapy techniques, if that is what they can be charitably called, are utterly lacking in scientific grounding. During his testimony, he cited only one article, written in 1933, which allegedly supports his methods. But it is clear that he did not rely on, nor was he even aware of, Dr. Steinhauser or her treatment methods. It is also clear that his therapy techniques bore virtually no resemblance even to those methods described by Dr. Steinhauser as "extremely controversial" and potentially dangerous. Clearly, Dr. Steinhauser's testimony also is inadmissible under Federal Rule of Evidence 403.