IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 04-CR-40141-MLB |
| v. ) | |
| ) | |
| ARLAN DEAN KAUFMAN, and ) | |
| LINDA JOYCE KAUFMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**PRELIMINARY ORDER OF FORFEITURE AND**
**IMPOSITION OF A MONEY JUDGMENT**

1. As the result of the guilty verdict on Counts 2-6 of the Second Superseding Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, and as a result of the jury's Special Verdict regarding forfeiture wherein the jury determined that the United States had established the requisite nexus between the property and the offenses committed by the defendants, the defendants shall forfeit to the United States the following property:

   a. Lot Twenty-one (21) and the West Half (W/2) of Lot Nineteen (19), Block Twenty-three (23), City of Newton, Harvey County, Kansas, also known as 119 West, 8th Street, Newton Kansas;

   b. The West Half (W/2) of Lot Nineteen (19), all of lots Twenty-One (21) and Twenty-three (23) EXCEPT the West 4 feet of said Lot 23, Block Twenty-six (26), City of Newton, Harvey County, Kansas, also known as 321 W. 7th Street, Newton, Kansas;

   c. Lot Thirteen (13) and the East 13 feet of Lot Fifteen (15), Block Eighty-five (85), City of Newton, Harvey County, Kansas, also known as 413 W. Broadway, Newton, Kansas

   d. The South Half (S/2) of the South Half (S/2) of Section Twenty-Five (25), Township Twenty-four (24) South, Range Four (4) East of the 6th P.M., Butler County, Kansas AND The North Half (N/2) of the Northeast Quarter (NE/4) of Section Thirty-six

(36), Township Twenty-four (24) South, Range Four (4) East of the 6th P.M., Butler County, Kansas, also known as 7130 N.W. Shumway, Potwin, Kansas.

2. In addition, as a result of the guilty verdict on Counts 7-27, 29 and 30 of the Second Superseding Indictment, for which the United States sought a money judgment, and as a result of the jury's Special Verdict wherein the jury determined that $85,187.67 is the amount of proceeds that the defendants derived, directly or indirectly, as a result of one of more of the violations in said Counts, a money judgment in the amount of $85,187.67 shall be entered jointly and severally against the defendants.

3. Upon the entry of this Order, the United States Attorney General or a designee is authorized to seize the real property identified above, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General or a designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited real properties identified herein.

6. Any person, other than the above named defendants, asserting a legal interest in the subject real properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the subject real properties, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1) which incorporates 21 U.S.C. § 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject real properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject real properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject real property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject real properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Annette Gurney, U.S. Attorney's Office, 301 N. Main, Ste. 1200, Wichita, Kansas 67202.

SO ORDERED this 1st day of December, 2005.

s/Monti Belot
MONTI L. BELOT
UNITED STATES DISTRICT COURT JUDGE
