## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA,        )
                                 )
               Plaintiff,        )    CRIMINAL ACTION
                                 )
v.                               )    No.  04-40141-01, 02
                                 )
ARLAN DEAN KAUFMAN and           )
LINDA JOYCE KAUFMAN,             )
                                 )
               Defendants.       )
                                 )
```

### ORDER

Before the court are the following:

1. Linda Kaufman's motion for reconsideration of order of forfeiture and the government's response (Docs. 510 and 520);

2. Arlan Kaufman's motion to set aside order of substitution of forfeited property and the government's response (Docs. 511, 512 and 518);

3. Arlan Kaufman's motion to stay order of forfeiture and the government's response (Docs. 513, 514 and 519); and

4. Arlan Kaufman's notice of appeal (Doc. 515).

### Defendants' Motions to Reconsider

This is a criminal case. Defendants' convictions and sentences are on direct appeal. Linda Kaufman's motion for reconsideration (Doc. 510) and Arlan Kaufman's motion to set aside (Doc. 511) seek the same relief: reconsideration and vacation of this court's order of forfeiture as to substitute property, filed November 14, 2006 (Doc. 498). Defendants cite cases, but none from the District of Kansas or from the Tenth Circuit, for the proposition that district courts have inherent, discretionary authority to reconsider orders in criminal cases. In fact, there are several District of Kansas cases which

state that motions for reconsideration in criminal cases are treated essentially the same as motions to alter or amend judgment in civil cases under Fed. R. Civ. P. 59(e).  See <u>United States v. Anderson</u>, 85 F. Supp. 2d 1084, 1109-10 (D. Kan. 1999) and <u>United States v. D'Armond</u>, 80 F. Supp. 2d 1157, 1170-71 (D. Kan. 1999).  Rule 59(e) motions must be filed no later than ten days after entry of judgment.  Linda Kaufman's motion was filed on December 27, 2006 and Arlan Kaufman's motion was filed on December 28, 2006 (Docs. 510 and 511). Both are out of time and clearly can be denied on that basis alone without reaching the question of discretion.  But even if the court were to overlook the question of timely filing, it still would exercise its discretion to deny the motions.

Both defendants assert that the government did not make proper service of its forfeiture motion but the government has refuted that claim in its responses.  Moreover, neither defendant has claimed that he or she did not receive notice of the forfeiture.  Therefore, for the reasons stated by the government in its responses, the court rejects defendants' claims that the government failed to provide proper notice.

Turning to defendants' alternative claims that the forfeiture did not comply with 21 U.S.C. § 853(p), those arguments are rejected for the reasons set forth in the government's responses.

### Defendant Arlan Kaufman's Motion to Stay

Both defendants have appealed from their convictions and sentences but only Arlan Kaufman has appealed from the order of forfeiture as to substitute property.  Relying on Fed. R. Crim. P. 32.2(b), Arlan Kaufman seeks a stay of the sale of defendants' home

pending appeal and, unbelievably, objects to the government's offer to hold the proceeds from the sale in escrow pending appeal.  As the government has explained in its response, the property in question is vacant, is the subject of nuisance complaints, is in violation of the city of Newton's property maintenance and nuisance codes and, if the stay is granted, the government will have to incur expenses to maintain the property during the pendency of the appeal.

A stay of an order of forfeiture is discretionary and Arlan Kaufman has put forth no reason why this court should enter a stay.  On the contrary, everything in the record indicates that entry of a stay would be an abuse of discretion.  Accordingly, the government is free to sell the property and since Arlan Kaufman has objected to the government's offer to place the proceeds of the sale in escrow, the government will not be required to do so.

## Conclusion

Defendants' motions are denied.

IT IS SO ORDERED.

Dated this   12th    day of January 2007, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE