IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                          No. 04-40141-1-JTM

ARLAN DEAN KAUFMAN,
    Defendant.

MEMORANDUM AND ORDER

The defendant Arlan Dean Kaufman seeks compassionate release from his controlling 30 year sentence of imprisonment, which he received in 2006 after he (and his wife) were convicted of multiple counts of conspiracy, forced labor, involuntary servitude, health care fraud, mail fraud, making a false writing, and obstructing a federal audit. The Tenth Circuit upheld Kaufman's sentence on direct appeal. *United States v. Kaufman*, 546 F.3d 1242 (10th Cir. 2008). This court denied Kaufman's subsequent motion for post-conviction relief (Dkt. 616), and the Tenth Circuit denied the defendant's subsequent request for a certificate of appealability. *United States v. Kaufman*, 485 F. App'x 313 (10th Cir. 2012). The particularly heinous nature of the Kaufmans' abusive treatment of their mentally ill patients was detailed by the Tenth Circuit in its 2008 opinion, which is incorporated here. 546 F.3d at 1246-50.

Kaufman, who is 83 years old, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), stressing his physical condition. He suffers from prostate cancer, vascular disease, kidney disease, hypertension, and coronary atherosclerosis, and argues he faces an imminent risk of death in light of the covid-19 virus.

The defendant has the burden to show the existence of extraordinary and compelling reasons for the reduction of his sentence under § 3582(c)(1)(A)(i). *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if this showing is met, the court must take account of the relevant 18 U.S.C. § 3553(a) sentencing factors, which may independently preclude the relief sought. The court has reviewed defendant's motion and medical records, and concludes that although defendant may suffer some risk from the virus, it is a risk shared by thousands of other Americans. More importantly, the court concludes that the relevant sentencing factors in 18 U.S.C. § 3553(a) preclude any sentencing reduction. *See United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020)

Historically, the decision to grant compassionate release was solely reserved for the Bureau of Prisons, and was reserved for inmates suffering terminal illnesses such as cancer, or some other condition from which they were not expected to recover. *See* U.S.S.G. § 1B1.13, cmt. n.1(A). The First Step Act, of course, now allows courts to also consider whether compassionate release should be granted. However, the court does so taking account of the historical limitation of the remedy to inmates presently in medical

*extremis*, rather than simply being at risk of such a condition. Further, some courts have expressly determined that such general risks by themselves will not amount to extraordinary and compelling circumstances. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Given the defendant's medical condition, the court agrees that defendant is at some heightened risk due the coronavirus, and presents extraordinary and compelling reasons for a potential sentencing reduction under § 3582. However, once the court proceeds to a consideration of the relevant § 3553(a) factors, the circumstances of the case preclude the allowing the relief sought. Under § 3553(a), the court may consider (1) Kaufman's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities.

Here, Kaufman is not (as in many of the reported covid-19 decision) seeking a reduction of sentence which would allow him to leave prison a few months ahead of his scheduled departure. Rather, he seeks a time-served sentence which would cut in half his 30 year sentence, freeing him from the remaining 15 years of imprisonment. As this court and the Tenth Circuit have repeatedly determined, Kaufman's conduct, which included

3

forced labor, involuntary servitude, and sexual abuse of vulnerable, mentally disabled persons, fully warranted that 30 year term.

Reduction of the sentence to time served, under the circumstances of this case, would be a windfall to the defendant which would fail to promote respect for the law and would undermine just punishment. Such a windfall would fail to produce a sentence relative to the nature of seriousness of his many underlying crimes. The court concludes that while the defendant does face some risk from exposure to the coronavirus, he is not entitled to compassionate release. Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence. *See United States v. Moskop*, 2020 WL 1862636 (S.D. Ill. Apr. 14, 2020); *United States v. Logan*, 2020 WL 730879 (W.D. Ky. Feb. 13, 2020).[1]

Considering all the circumstances of the case relevant to the defendant's sentence, the court determines that compassionate release is not justified.

---

[1] The defendant references several decisions which have granted compassionate release, but none of the cited cases bear much resemblance to the matter before the court. Many of the cases involved defendants who had received extremely long mandatory sentences in drug cases. For example, *in United States v. Perez*, 2020 1180719 (D. Kan. Mar. 11, 2020), this court granted compassionate release to a defendant who had served 30 years of imprisonment for what were primarily drug crimes. The other cases cited by defendant are even more factually distinct. *See United States v. Wong Chi Fai*, 2019 WL3428504 (E.D.N.Y. July 30, 2019) (granting compassionate release to inmate who had served 26 years in prison and whose thyroid cancer gave him only months to live); *United States v. McGraw*, 2019 WL 2059488 (S.D. Ind. May 9, 2019) (72-year-old inmate with serious medically conditions had served 17 years on a drug-related charge); *United States v. Cantu-Rivera*, 2019 WL 2578272 (S.D. Tex. June 24, 2019) (defendant convicted of conspiracy to possess cocaine had served 30 years in prison). Kaufman was not convicted of any drug offense, but for the grotesque abuse of mentally ill persons, and has served less than half of the 30 years sentence which was determined appropriate for his crimes.

IT IS ACCORDINGLY ORDERED this day of July, 2020, that the defendant's Motion for Release (Dkt. 643) is hereby denied.

<u>J. Thomas Marten</u><br>
J. Thomas Marten, Judge